UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY SCOTT VAN HUISEN,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH R. BIDEN, et al.,<br><br>Defendants. | No. 2:23-cv-00944-DJC-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. On August 10, 2023, the court dismissed plaintiff's complaint with leave to amend. ECF No. 20. Plaintiff has filed an amended complaint, which is before the court for screening. ECF No. 23. Plaintiff has also filed a request "for correction" seeking to correct a legal citation in his earlier filing (ECF No. 25), a motion for appointment of counsel (ECF No. 26), and a motion to advance hearing date (ECF No. 29).

Motion for Appointment of Counsel

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the

1

ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

## Screening Standards

Notwithstanding payment of the filing fee, the court must screen plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## Discussion

In screening plaintiff's original complaint, the court noted that its "extravagant allegations are largely incoherent and read as a list of conclusory terms and meandering phrases strung together." ECF No. 20. Plaintiff has not cured this fatal defect in his amended complaint. For example, Claim I, which is representative of plaintiff's other claims, reads as follows:

> Consider Brandeis brief, color of state law/Erie Doctrine cause of action; Isiah 59:5. They hatch vipers eggs and weave the spiders web. He who eats of their eggs dies and that which is crushed a viper breaks out. This is not a threadbare recital, it is their strategy & reward for cruelty. "The venom that the cobra spits is cruelty." Line #14-18 then Isiah 59:5. Election contest, 2020 presidential election – cause of action (U.S. 525 316 1999) D.O.C. U.S. Supreme Court. Keyword "mal-apportioned." Reprisal, its origin for past civil rights victories, then spit in the proceedings of D.O.C. vs. Supreme Ct. This beginning of a division such as Omerta; raising a wall of segregation – foresight of the cobra. Election contest 2019-2020 election as part of civil conspiracy and new wave of imperialism. [Illegible] to a unallowed augmented census count, the election went in the direction of, note: "Prudence, indeed, will dictate that governments long established should not be changed for light and transient cases; and according all experience hath shown, that mankind are more disposed to suffer, while evils are sufferable, than to right themselves by abolishing the forms to which they are accustomed." (Declaration of Independence) [illegible] adult covid, election. Our freedom was abridged. Revolutionary document, bringing conciliation.

ECF No. 23 at 3. The amended complaint remains as incomprehensible as the original and again fails to specify how any particular defendant was involved in violating plaintiff's federal statutory or constitutional rights. As the original complaint, the amended complaint presents no cognizable federal claim.

A complaint that is frivolous, malicious, or fails to state a claim cannot survive screening under section 1915A(b) and must be dismissed. A claim is frivolous "when the facts alleged arise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (holding that "§ 1915(d)'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."). Plaintiff's allegations are indecipherable and, as currently drafted, frivolous.

Despite notice of the deficiencies in the complaint and an opportunity to amend, plaintiff is unable to state a claim upon which relief could be granted. The court finds that further leave to

3

amend is not warranted. *See Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

## Order and Recommendation

Accordingly, it is ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF Nos. 26) is DENIED; and
2. Plaintiff's motion for correction (ECF No. 25) is GRANTED, and the court has considered the correction in making the orders and recommendations herein.

It is further RECOMMENDED that this action be dismissed for failure to state a claim upon which relief could be granted and that plaintiff's outstanding "motion to advance the hearing date" (ECF No. 29) and "request for review" (ECF No. 32) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 28, 2023

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE